JEDEDIAH HERRICK *versus* JOHN BEAN.

H contracted with R S to sell a certain quantity of land at a stipulated price, who effected a sale at an advance to B. B alleging the sale to be fraudulent, files a bill in equity against H. R S assumed the defence of the equity suit against H and gave him a bond with E S as surety, to save him harmless from the suit. H then gave to E S, the surety on the bond, the note of B for the profits belonging to R S, who held the same as security. B recovers in equity, and E S recovers judgment in his own name and that of his partner against B and placed the execution in the hands of an officer with orders to take the execution, B *v.* H, in offset of the execution, E S *v.* B; it was held, that this was not a payment of the execution, B *v.* H, but an assignment, and that E S might enforce its collection in the name of B.

Adverse judgments between the same parties, are extinguished only by an order of the Court, by some act of the parties, or some action of an officer having both executions for collection.

Evidence is admissible to show the circumstances under which, and the consideration for which an order was drawn; such evidence neither varying or contradicting the legal effect of the order.

EXCEPTIONS from the District Court.

This was an action of assumpsit for so much money paid, laid out and expended, and for money had and received by the defendant to the plaintiff's use.

The plaintiff claimed to recover $576,35, as so much money paid by him to procure a re-conveyance of bank stock which had been seized and sold by H. Winslow, deputy sheriff, by virtue of the execution, *John Bean* v. *Jedediah Herrick,* hereafter referred to; and which the plaintiff claimed to have been paid and satisfied previously.  The writ was dated August 23, 1837.

The plaintiff offered an alias execution, *Bean* v. *Herrick,* recovered October, 1835, S. J. Court, Kennebec County, and dated May 13, 1837, for $399,51 debt, and $120,84 costs; and the return of H. Winslow, deputy sheriff, thereon, by which it appeared the plaintiff's bank stock had been seized and sold on said execution.  It was admitted that the same was bid off by an agent of the plaintiff, by whom the money of the plaintiff had been paid for the same.

To prove a prior payment, the plaintiff called Samuel P. Strickland, who testified that in June, 1837, the defendant told

him that he had purchased some land of R. M. N. Smyth, belonging to Gen. Herrick, for which he had given his notes, that finding the statements, upon the faith of which the sale was made, incorrect, he instituted a suit in equity against the plaintiff and recovered the execution before mentioned. That E. and S. Smith recovered judgment against him and others on one of the notes given to the plaintiff for about $2300 and costs ; that the execution, *E. & S. Smith* v. *Bean,* was paid by $830,50 in money, by a receipt for $959,55 for land deeded back by him, and the execution, *Bean* v. *Herrick,* amounting to $520,35, which was received in set-off of the execution against himself; and that these sums, and the officer's fees, paid that execution. He farther stated that Smith had agreed to indemnify Herrick and save him harmless from the suit he (Bean) had instituted and had given a bond to that effect.

It appeared from the testimony of Francis Davis, the officer having the execution, *Smith & al.* v. *Bean & al.* that he was directed to receive the execution, *Bean* v. *Herrick,* as and for so much money in satisfaction of the execution, *Smith & al.* v. *Bean & al. ;* and that he did so receive it.

The plaintiff then introduced a bond signed by R. M. N. Smyth, and Edward Smith, as surety, dated Oct. 1, 1833, the condition of which was, " that whereas the said Robert M. N. Smyth on the first day of Sept. 1832, agreed with said Herrick to purchase of him about twenty-seven hundred acres of land in the towns of Kilmarnock and Lagrange, at $1590,10, and afterwards agreed with John Bean to sell and convey the same land to him, on terms agreed upon between them, and by request of said Robert the deed conveying said land was made by said Herrick directly to said Bean, and the purchase money over and above said sum of $1590,10 has been paid to said Robert, and whereas the said Bean has commenced a suit in equity against said Herrick, claiming that the sale to him was void, and to recover back the consideration, damages, costs, &c. as will appear by the bill now pending in S. J. Court in Kennebec county, which suit the said Robert assumes upon himself and agrees to indemnify and save Her-

rick harmless from all damage, cost and trouble that may arise or be sustained in consequence of said suit, or of the sale to said Bean; the said Herrick permitting said Robert to defend and manage the same as he may think proper. Now if the said Robert M. N. Smyth shall well and truly indemnify the said Herrick against said suit in equity and all damage, cost and expense which he may suffer or be obliged to pay or incur in said suit, or in any other suit or claim which said Bean may make upon him by reason of the sale of said land to him as aforesaid, and shall do, or enable said Herrick to do whatever shall be decreed against him in said suit, so that said Herrick shall in no wise suffer any loss or damage by reason of said sale to said Bean, or of any proceeding that may spring therefrom, then this obligation to be void; otherwise to remain in full force and virtue."

It appeared by the receipt of E. & S. Smith, that they had received, Oct. 23, 1833, a note signed by Bean & als. for $1949,51, and dated Nov. 1, 1832, which note was received as, and acknowledged to be the property of R. M. N. Smyth. The judgment and execution, *Smith & al.* v. *Bean & al.* was recovered upon this note.

The plaintiff then introduced the following paper.

"To Mr. Hezekiah Winslow, Sir, I authorize you to pay over the money collected on the execution in my favor against Jedediah Herrick, being about $520,50, to N. O. Pillsbury, or his order, said execution having issued on judgment or decree in my favor against Herrick, rendered by the justices of the S. J. Court for the county of Kennebec, and said Pillsbury's *receipt shall be the same as* though signed by me.

"Aug. 2d, 1837.                    John Bean."

This was indorsed by Pillsbury to bearer and the money receipted for by H. A. Head.

It appeared from the testimony of H. Hamlin, that Rob't M. N. Smyth and Edward Smith both informed him (Hamlin) in May, 1837, that the execution, *Bean* v. *Herrick*, had been paid by set-off, they having given a bond to save said

Herrick harmless from the equity suit and that the same was settled and said Herrick discharged from the same.

The defendant then called H. Winslow who testified that he received the execution, *Bean* v. *Herrick*, from Edward Smith and sold the bank stock by his direction ; that after receiving the money it was attached by order of Herrick in a suit in his favor against Smith ; that in Aug. 1837, he received Bean's order, but did not then pay over the money on account of the attachment ; but that long after this suit was commenced, the attachment being released, he paid the money to H. A. Head.

Rob't M. N. Smyth testified, subject to all objections, that after the determination of the suit in equity, *Bean* v. *Herrick*, which was defended by himself at an expense of about a thousand dollars, he never intended to pay the execution recovered by said Bean; and never authorized the payment of it ; that the note against Bean, received of Herrick, was in the hands of E. & S. Smith as security for the signature of E. Smith on the bond and for other transactions.

It appeared from the testimony of Head, that the execution, *Bean* v. *Herrick*, had been assigned to him by E. Smith ; that he assigned it to Pillsbury as security for borrowed money, but subsequently received it back ; that Bean's order was procured by E. Smith, because Winslow would not pay the money over, and for his safety.

The defendant further introduced the bill and answer in the suit in equity, *Bean* v. *Herrick* ; from which it appeared, among other things, that the price at which Herrick sold the land was $1590,10.

The defendant introduced the testimony of F. Allen, the subscribing witness to the order of Bean on Winslow, dated Aug. 2, 1837, which was as follows : — That at the request of the Messrs. Smiths he went to Mr. Bean and procured the paper by him attested, for the purpose of security to the officer for paying over the money according to the previous direction of Messrs. Smiths ; that said Bean, for said purpose, and for none other, gave said paper at the time of the date thereof ; that he advised said Bean it was proper he should give such a

paper if he had assigned said execution to the Messrs. Smiths, and it was done. This testimony was received, subject to all legal objections.

The counsel for the plaintiff requested the Court to instruct the jury, that if the execution, *Bean* v. *Herrick*, had been paid, that the plaintiff had a right of action for money paid, laid out, and expended, &c. on account of the seizure and sale of the bank stock, upon the payment ·by him ; that he had a right of action upon the reception of the same by the officer ; that the defendant was responsible for all acts done in his name ; and that the order given was a ratification of all acts done in his name.

These instructions, ALLEN J. who tried the cause, declined giving ; but instructed the jury to inquire whether the execution, *Bean* v. *Herrick*, had been paid or assigned ; that if they found the execution had been assigned, this action was not maintainable.

He further instructed them that if said execution was paid and satisfied, and the defendant, with a full knowledge that it was so paid and satisfied, caused the execution to be levied upon the plaintiff's property, whereby the same was sold, that the defendant was liable.

The Court likewise instructed the jury, that if the execution was collected for the benefit of the defendant, or if he was beneficially interested in the same either directly or indirectly, he was liable ; that if the officer declined to pay over the money without an order from the defendant, and they believed in the evidence that the order was given merely to remove his apprehensions as to his own safety for paying over the money according to the direction of the Messrs. Smiths, and should find that the defendant had no beneficial interest in the execution, or the money collected on it, that he would not be liable.

The jury returned a verdict for the defendant, and the plaintiff filed exceptions.

*J. Appleton*, for the plaintiff.

1. The demand, *Bean* v. *Herrick*, was paid, not assigned.

The receipt of E. & S. Smith, admits the ownership of the note on which judgment was obtained in the suit, *E. Smith & al.* v. *Bean,* to have been in R. M. N. Smyth. This note was originally payable to the plaintiff. By the bond given, Smyth, having received all but the price which he contracted to give for the land, was estopped to use this execution to the injury of the plaintiff, and was bound to offset or discharge it in some other way. The real parties to this litigation were *Bean* v. *Smyth,* Herrick being nominal defendant, and Smyth having assumed the defence, and *Smyth* v. *Bean,* Smith & al. being nominal plaintiffs, though the suits were between different parties to the record. The defendant admitted the execution to have been paid. Payment was to be presumed, as the parties who enforced the payment of the execution had contracted that it should be paid. A payment may be made as well by land, or any thing, as by money; and when so made, will support an action for money had and received. *Brown* v. *Foster,* 7 Wend. 301; *Anslie* v. *Wilson,* 6 Cow. 662; *Arms* v. *Ashley,* 4 Pick. 71; *Dole* v. *Hayden,* 1 Greenl. 155.

2. Assumpsit may be maintained to recover back money compulsorily paid on a satisfied execution. *Wisner* v. *Bulkley,* 15 Wend. 321. So where one levies more than is due. *More* v. *Trumpbour,* 5 Cow. 488; *Lazell* v. *Miller,* 15 Mass. R. 207. Or if collected on a judgment irregularly issued. *Judson* v. *Eslava,* 1 Min. 71. Or when the judgment is reversed. *Green* v. *Stone,* 1 Har. & Johns. 405; *Brown* v. *Williams,* 4 Wend. 360. Generally it lies where money not due is paid to relieve property seized without right. *Chase* v. *Dwinal,* 7 Greenl. 135; *Preston* v. *Boston,* 12 Pick. 10; *Shaw* v. *Woodcock,* 14 E. C. L. R. 14.

3. The suit must be against the party to the record, who is responsible even in cases of assignment for what is done in his name, *a fortiori,* against him when there is no assignment. *Brown* v. *Foster,* 7 Wend. 301; *Freeman* v. *Crane,* 13 Maine R. 255; *Fling* v. *Trafton,* 13 Maine R. 295; *Dennett* v. *Nevers,* 7 Greenl. 399. It should be brought against the defendant, because with a full knowledge of what had been done

he ratified it by his order on the sheriff, directing him to pay over the money. Whether the sale was his own act or the act of an agent, having affirmed it, he is equally liable. *Briden* v. *Dubarry*, 13 S. & R. 27; *Harvey* v. *Turner*, 4 Rawle, 230; 2 Kent's Com. 616.

4. The Court instructed the jury, that though the execution was paid, the plaintiff was not entitled to recover, if the defendant was not *beneficially* interested in the execution or the money collected, and gave the order to pay over the money merely to remove the apprehensions of the officer in case of his paying the money, according to the directions of Smith. The execution being paid, as in this direction, was assumed to be the fact; here was a fraud which could only be successfully perpetrated by the intervention of the defendant. The defendant affords his aid; the fraud is successful. The party defrauded commences a suit against the party defrauding, who sets up the defence that he was not *beneficially* interested in the fraud; that not cheating for himself he should be discharged. It is not at all material to the plaintiff, whether the person who coerces a second payment of an execution is or is not to receive the spoil. The jury, by this instruction, were bound to return a verdict for the defendant, though the execution was *paid*, unless the defendant was *beneficially* interested.

5. The testimony of Allen was inadmissible. The purposes or intentions of Bean are not important. 3 Stark. Ev. 995 & Seq. Parole Evidence. The injury to the plaintiff is the same, whether a wrongful act is done with bad or with good intentions.

*F. Allen* and *Rogers*, for the defendants. The facts in this case are these: — Herrick conveys to Bean land which he had bargained to Smyth, and receives the whole consideration for the conveyance. He and Smyth divide. Bean commences a suit in equity, alleging the sale to be fraudulent. Smyth, believing Herrick to have acted in good faith, assumes the defence of this suit. The jury found the sale fraudulent. Smyth having expended $1000 in the defence of Herrick is unwilling to

perform his bond. The only question is, whether the plaintiff shall pay this execution.

Bean's note, belonging to Smyth, was assigned to E. & S. Smith, as security on the bond. There is a confusion in the use of the term paid. Every assignment involves a pay ment. Bean has received payment, but still this execution is not paid. It retained all its original vitality. No particular form is necessary to constitute an assignment. It may well be made by delivery. Being assigned, its collection must be enforced by the assignee in the name of Bean. It has never been offset. It has never been paid by Herrick. It may have been paid as between assignor and assignee, but not as between debtor and creditor.

Some of the instructions given were in favor of the plaintiff, and therefore afford no ground for exception.

The last requested instruction was properly withheld. The proposition is monstrous, that the defendant should be responsible for all acts done in his name. The requested instruction proceeds upon the idea that the order is to determine the case for the plaintiff.

The assignee procured a renewal of the execution, and enforced its collection, without the knowledge of the defendant. The order does not ratify any preceding, nor direct any subsequent act. The language is peculiar. It is a mere authority — not a direction. To predicate instructions on the order, would have been erroneous, and it was properly refused.

The evidence of Warren was properly admitted. The plaintiff introduced the order as evidence of an act done — of an authority given. The defendant may control that by evidence of as high a nature. This was properly received as part of the *res gesta.* The circumstances accompanying a transaction may be shown. If Bean gave the order to exonerate the officer, it was not such an interference as would charge him in this suit.

No money came to the hands of the defendant. The form of action is wrong. If the plaintiff has any cause of action it is by an action of the case.

The opinion of the Court was by

SHEPLEY J. — The plaintiff being the owner of certain lands made a contract for the sale of them to R. M. N. Smyth, who contracted to sell them to the defendant. Before the conveyance, which was from the plaintiff to the defendant, certain representations were made respecting them, which were alleged to be fraudulent. The defendant afterward filed his bill against the plaintiff, and such proceedings were had as resulted in the recovery of a judgment against the plaintiff for $399,51, damages, and $120,84, costs. 3 Fairf. 262. While that suit was pending, on the first of October, 1833, R. M. N. Smyth with Edward Smith, as his surety, executed a bond to the plaintiff, conditioned to save him harmless from all damages and costs arising out of it. On the twenty-third of the same October, the plaintiff delivered to E. & S. Smith a negotiable promissory note, made by the defendant and others in part payment for the land, as the property of R. M. N. Smyth, who states, that it was held by them " as security for the signature of E. Smith on the bond and for other transactions."

On this note E. & S. Smith had recovered a judgment against the defendant for about $2300, which, as Strickland says, the defendant informed him, was " paid by $830,50, cash, $959,55, being a receipt of Smith's for land deeded back, and the execution, *Bean v. Herrick*, was received in offset of the execution against him." And there is testimony that Bean said his execution against Herrick was paid. And so far as it respects Bean there can be no doubt, that he had received his pay for it by having it allowed in part payment of the execution in favor of the Smiths against him. The effect of the reception of that execution by the officer for such a purpose was not in law a satisfaction of that judgment. The delivery to the officer, as the agent for the Smiths, being for a valuable consideration, would transfer the equitable interest in it to them. There must be other proof than the mere delivery for the above purpose to shew a payment by the plaintiff. The fact that the beneficial interest in the execution had vested in E. & S. Smith, and that one of them was bound to indemnify the plaintiff against it, would not operate as a payment by the plaintiff or

his agent. Adverse judgments between the same parties are not extinguished but by an order of the Court, by some act of the parties, or some action of an officer having both executions for collection. It might in this case have been very equitable, and perhaps on motion the Court might have ordered, that the lesser judgment should be satisfied by setting it off against so much of the greater, but until some other act than the possession of the execution by a firm, one of which was bound as a surety for another to pay it, both would continue in force. Whether the execution, *Bean* v. *Herrick*, was paid or assigned was submitted to the jury, who must have found, that it was assigned by delivery. And if so assigned, it remained unsatisfied so far as it respected the plaintiff; and Edward Smith, although a surety in manner before stated, might legally enforce the collection of it, or assign it *bona fide* to others. And the plaintiff in such case could have no legal ground of complaint against the defendant for permitting it to be collected, or for giving an order to the officer to pay the money to the assignee. There could be no foundation for the position assumed by the plaintiff, that he had paid the money twice.

It is insisted, that R. M. N. Smyth was not a competent witness for the defendant. If the plaintiff should prevail in this suit on the ground, that the Smiths had paid the execution for him before he paid it himself, the witness would be relieved from his bond to the plaintiff and be liable to Edward Smith, and in case of failure to recover be would continue liable to the plaintiff. The only difference to the witness would be a change of his liability from one to the other, and any bias on his mind arising out of a preference of one to the other would effect his credibility not his competency.

The statement of Mr. Allen was not received to contradict, vary, or change the legal effect of the written order, but to shew the circumstances under which it was drawn, and that the consideration for it was the former assignment or delivery of the execution, and not any such new or beneficial interest as would constitute a second payment to him. And this he might properly shew, for it tended to rebut the allegation in the writ, that he had received money, to which the plaintiff was equita-

bly entitled. The case was presented to the jury in such a manner that, they must have found, that the payment to defendant was made, not by the plaintiff, but by the Smiths, and it is unnecessary therefore to inquire how far the defendant might have been liable as the party to the record, if the execution had been in fact twice paid by the defendant.

*Exceptions overruled.*